UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ANTHONY VALENUELA,

        Defendant.

Case No. 2:23-cr-00086-JCM-EJY

**REPORT AND RECOMMENDATION**

Re:  ECF No. 35

I.    **Background**

    Pending before the Court is Defendant's Motion to Suppress that includes a request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  ECF No. 35.  Defendant contends U.S. Probation exceeded its authority by searching the truck alleged to belong to Defendant's brother (the "Truck") that Defendant controlled and in which he arrived at U.S. Probation in Las Vegas on March 7, 2023.  Defendant says his Probation Officer did not have sufficient information on which to form reasonable suspicion to search and all evidence derived from the search must be suppressed. Defendant argues that despite his presumptively positive drug test for THC and methamphetamine on the day of the search, other information known to Probation regarding Defendant's criminal history (including his most recent conviction for being a felon in possession of a firearm), prior missed drug tests, prior positive drug tests, failure to attend mandatory drug treatment, and information learned through a detective with the Las Vegas Metropolitan Police Department ("LVMPD") regarding Defendant's possible possession of a firearm in November 2022, there was insufficient information to support a reasonable suspicion that search of the Truck would uncover contraband or other evidence that Defendant violated conditions of his supervised release.

    Defendant proffers that (1) his presumptive positive drug test on March 7, 2023 was "less serious" than other potential violation of supervised release, (ii) there was nothing to show Defendant's use of drugs was close in time to the presumptive positive drug test results, (iii) the November 2022 event reported by LVMPD ended without arrest or criminal charges, (iv) Defendant

behaved appropriately during his visit to Probation, and (v) no drug paraphernalia was found when Defendant emptied his pockets.  Defendant concludes these facts support suppression of evidence found in the Truck on March 7, 2023.  Defendant further argues the alleged inconsistencies in written law enforcement reports support setting a *Franks* hearing.  Defendant says he has made a substantial preliminary showing that intentionally or recklessly false statements or misleading omissions were made by a LVMPD detective who obtained a warrant to seize contraband found as a result of Probation's search of the Truck.

The government responds that Defendant is on supervised release arising from his guilty plea to a charge of felon in possession of a firearm.  The government also says that at the time of Defendant's arrest for his prohibited firearm possession he was found in possession of 22.9 grams of methamphetamine.  The government argues that Defendant's supervised release began on July 28, 2021,[1] and there is no dispute that on March 6, 2023, when Defendant's Probation Officer submitted a request to search Defendant on March 7, 2023, the Probation Officer knew (1) Defendant tested positive for THC and methamphetamine on December 30, 2022, January 5, 2023, and February 1, 2, 11, and 15, 2023, (2) Defendant failed to appear at U.S. Probation for drug testing on January 10, 21, 26, 2023, and March 4, 2023, and (3) LVMPD responded to a call regarding Defendant producing a firearm during an argument with his girlfriend in November 2022, that resulted in no charge or arrest.[2]  The government points out that on March 6, 2023, Defendant's Probation Officer was familiar with Defendant's criminal history.[3]

There is no dispute that after Defendant arrived at Probation on March 7, 2023 he presumptively tested positive for THC and methamphetamine, Probation searched the Truck in

[1] Defendant's conditions of supervised release includes a "warrantless search" provision allowing Probation to conduct the search "based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision …." ECF No. 35-2 at 5.

[2] ECF No. 35-6 at 2-3.  Despite the request to search submitted by Defendant's Probation Officer on March 6, 2023, before Defendant arrived at U.S. Probation on March 7, 2023, Defendant contends Probation "invoked the supervised release search clause" based solely on Defendant's presumptive positive drug test for THC and methamphetamine that occurred when he arrived on March 7, 2023.  ECF No. 35 at 4:5-6 ("Based on the presumptive positive test, … [Probation] invoked the supervised release search clause.").  *See id*. at 12-14 (again, discussing the single positive March 7, 2023 presumptive drug test as insufficient to support reasonable suspicion).

[3] The Court sets aside the 2022 Homeland Security's investigation of Defendant for drug trafficking as there is no evidence that Probation was aware of this information on March 6, 2023 when it sought permission to search Defendant on March 7, 2023.

which Defendant arrived and over which Defendant exercised control finding a backpack (or bookbag) containing a digital scale, plastic bags, mail addressed to Defendant, and a fake ice tea can containing a substance appearing to be methamphetamine.  There is also no dispute that on the floorboard behind the Truck's driver's seat Probation found a handgun and additional drugs.  Upon locating the gun and additional drugs, Probation contacted LVMPD and a search warrant was issued authorizing seizure of the items found in the Truck.  ECF No. 35-9.  The application for the search warrant, completed by an LVMPD detective, states in relevant part that Defendant is on federal supervised release for felon in possession of a firearm, Defendant has "prior felony convictions for armed burglary, conspiracy to possess a controlled substance, conspiracy to commit robbery, and forgery. … Due to several positive drug tests, missed treatment appointments, and an incident possibly involving … a firearm in November[] 2022," Defendant's Probation Officers invoked the search clause of Defendant's supervised release finding a backpack containing "purported methamphetamine, a large digital scale, a smart phone, … empty plastic bags …[,] mail addressed to … [Defendant and,] a small cloth bag with a handgun in it."  ECF No. 35-9 at 6-7.

The search warrant was issued and, on April 25, 2023, a grand jury indicted Defendant charging him with one count of possession with intent to distribute a controlled substance and one count of felon in possession of a firearm.  ECF No. 1.  Defendant alleges suppression of all evidence must be granted because the information on which the Probation Officer relied was insufficient to support reasonable suspicion for the search.

In addition, Defendant seeks a *Franks* hearing based on alleged inconsistent and/or misleading information in the following reports:

1.    The March 6, 2023 Request for Search of Offender reporting positive drug tests, missed drug tests, and that on March 6, 2023, the Probation Officer spoke to an LVMPD detective who relayed information about a November 2022 event at which Defendant was present, "produced a firearm," but the argument ended without incident (ECF No. 35-6);

2.    The March 7, 2023 LVMPD arrest report stating the Probation Officer reported Defendant had positive drug tests while under supervision, failed to attend mandatory treatment, "and was possibly involved in an incident involving a gun in November[] 2022" that prompted the search of Defendant and the Truck (ECF No. 35-8 at 3); and

3.    The March 8, 2023 Petition for Warrant for Offender Under Supervision in which Probation recounts Defendant's historic positive drug tests for THC and methamphetamine, Defendant's failure to report for scheduled drug testing on March 4, 2023, Defendant's failure to appear for drug treatment as required, and anticipated drug and possession of a firearm charges arising from the March 7, 2023 search (ECF No. 35-5 at 6-7).[4]

## II.    Discussion

### A.    No Hearing on the Motion to Suppress is Required Under the Circumstances Presented.

The Ninth Circuit holds that "an evidentiary hearing on a motion to suppress need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist." *U.S. v. Rasberry*, Case No. 2:05-cr-00108-PMP-PAL, 2006 WL 1064168, at *2 (D. Nev. Apr. 19, 2006), *aff'd* 253 Fed.Appx. 647 (9th Cir. 2007) *citing United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (further citations omitted). The facts of this case are not contested. What is contested is whether there was reasonable suspicion to search the Truck in which Defendant arrived at Probation on March 7, 2023. Thus, the Court finds Defendant presents a question of law applicable to uncontested facts. On this basis the Court finds no evidentiary hearing is required.

### B.    The Record Evidence Demonstrates Defendant's Probation Officer had Reasonable Suspicion to Search the Truck on March 7, 2023.[5]

The issue for the Court is whether Defendant's Probation Officer had reasonable suspicion to search the Truck. Reasonable suspicion is defined by the United States Supreme Court as "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Kansas v. Glover*, 589 U.S. --, 140 S.Ct. 1183, 1187-88 (2020). In order to determine whether reasonable suspicion exists, the Court must consider the totality of the circumstances and the probability, not the certainty, of criminal conduct. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *United States v. Sokolow*, 490 U.S. 1, 8-10 (1989) (reasonable suspicion depends on the "totality of

---

[4]    In contrast to this content Defendant quotes only one paragraph on page 6 of the Petition for Warrant. ECF No. 35 at 4.

[5]    There is no dispute that Defendant had a reasonable expectation of privacy in the Truck or that Defendant was in control and possession of the Truck on March 7, 2023 when the search was executed. Thus, these issues are not discussed in this Report and Recommendation.

1   the circumstances—the whole picture"); *United States v. Montero–Camargo*, 208 F.3d 1122, 1129

2   (9th Cir. 2000) (the officer must be aware of specific, articulable facts which, when considered with

3   objective and reasonable inferences, form a basis for particularized suspicion) (internal citations and

4   quote marks omitted).

5        Here, there is no sound argument undermining the conclusion that on March 6, 2023, when

6   Defendant's Probation Officer sought permission to search Defendant consistent with the conditions

7   of Defendant's supervised release, the Probation Officer knew Defendant had failed to appear as

8   required for multiple drug tests (most recently on March 4, 2023), had tested positive for THC and

9   methamphetamine on multiple occasions during December 2022 through February 11, 2023 (the

10   most recent positive test), and had failed to participate in drug treatment as required under the terms

11   of Defendant's supervised release. ECF No. 35-6 at 2-3. There is no dispute that on March 6, 2023,

12   Defendant's Probation Officer received information from LVMPD that Defendant was seen in

13   possible possession of a firearm in November 2022 (albeit the event was resolved without incident).

14   *Id*. at 3. There is no dispute that on March 7, 2023, before the search was conducted, Defendant

15   again tested presumptively positive for THC and methamphetamine. ECF No. 35-5 at 6. It is

16   manifest that Defendant's Probation Officer was familiar with Defendant's criminal history

17   including drug and gun offenses. ECF Nos. 35-5, 35-6.

18        Defendant's argument that there is no information establishing when Defendant used the

19   drugs causing the presumptively positive drug test on March 7, 2023 fails to undermine a finding of

20   reasonable suspicion. *See Rasberry*, 2006 WL 1064168, at *6 (rejecting the argument that

21   "staleness" as undermining reasonable suspicion). Further, Defendant's "missed [drug] test[s], at

22   the very least, [also] support[] reasonable suspicion that … [Defendant] possessed contraband and

23   had violation his release conditions." *United States v. McReynolds*, Case Nos. 21-30205, 21-30206,

24   21-30207, 2022 WL 17547824, at *2 (9th Cir. 2022).[6] The Ninth Circuit holds that "it is axiomatic

25   that officers must consult their experience, including their experience with a particular individual,

26   when making reasonable inferences about whether that individual may be engaged in criminal

---

[6]    In footnote 3 of this decision, the court stated: "What is more, the missed UA test—and its inference of positivity—further corroborated … [the officer's] report that the [defendant] was actively using methamphetamine." *Id*. at *2 n.3.

activity." *United States v. Cole*, 445 F.Supp.3d 484, 489 (N.D. Cal. 2020) *citing U.S. v. Valdes-Vega*, 738 F.3d 1074, 1080 (9th Cir. 2013). Without doubt, reasonable suspicion is a lower standard than preponderance of the evidence or probable cause. *Navarette v. California*, 572 U.S. 393, 397 (2014). And, "reasonable suspicion can arise from information that is less reliable than that required to show probable cause." *Alabama v. White*, 496 U.S. 325, 330 (1990). Taken as a whole, the facts of this case readily support reasonable suspicion to search the vehicle, under Defendant's control, in which Defendant arrived at Probation on March 7, 2023.

The Court also disagrees with Defendant's argument that Probation's search of the Truck was unlawful because there was no evidence establishing a nexus between Defendant's alleged conduct in violation of his supervised release and the Truck. When interpreting the scope of the search clause applicable to Defendant on supervised release in a "commonsense and realistic fashion," *United States v. Ventresca*, 380 U.S. 102, 108 (1965), a law enforcement officer may infer probable cause to believe that criminal objects are located in a particular place to which they have not been tied by direct evidence. *U.S. v. Foster*, 711 F.2d 871, 878 (9th Cir. 1983) *citing United States v. Valenzuela*, 596 F.2d 824, 828 (9th Cir. 1979) (further citations omitted). Officers may use their training, experience, and commonsense to determine if probable cause—a standard far higher than reasonable suspicion—exists to search a particular location. *United States v. Milner*, 962 F.2d 908, 913 (9th Cir. 1992) (police may use their experience, special training, and expertise in determining if probable cause exists); *United States v. Spearman*, 532 F.2d 132, 133 (9th Cir. 1976) (affidavit disclosed heroin sales at defendant's apartment; held, warrant for search of car valid although nexus between the items to be seized and the place searched did not rest on direct observation but on the type of crime, nature of the items, and normal inferences where a criminal would likely hide contraband); *Valenzuela*, 596 F.2d at 829 ("It is commonplace for dealers of heroin to have heroin that is packaged for sale in the place where they live or sell from, in their vehicles or on their persons."). The totality of the undisputed facts demonstrate Defendant's Probation Officers had sufficient quantity or quality of reliable information to establish reasonable suspicion to search the vehicle under Defendant's control when he arrived at U.S. Probation on March 7, 2023.

1

     C.    <u>Defendant's Request for a Hearing Under *Franks v. Delaware* is Denied</u>.

2

     Defendant may challenge the validity of a warrant if he can "make … a substantial

3

preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for

4

the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is

5

necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. The Ninth Circuit holds

6

that the "evaluation of materiality requires that we consider the effect of any false statements or

7

omissions. If an officer submitted false statements, the court purges those statements and determines

8

whether what is left justifies issuance of the warrant. … If the officer omitted facts required to

9

prevent technically true statements in the affidavit from being misleading, the court determines

10

whether the affidavit, once corrected and supplemented, establishes probable cause." *U.S. v. Ruiz*,

11

758 F.3d 1144, 1148 (9th Cir. 2014) (internal quote marks and citations omitted). *See also United*

12

*States v. Stanert*, 762 F.2d 775, 780-81 (9th Cir. 1985), *amended by*, 769 F.2d 1410 (9th Cir. 1985)

13

(a defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search

14

warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains

15

intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot

16

support a finding of probable cause without the allegedly false information).

17

     Here, Defendant argues that LVMPD's "search warrant application relies on a firearm

18

incident in November 2022 that possibly involved … [Defendant]—but that police knew to be

19

unsubstantiated." ECF No. 35 at 19 *citing* ECF No. 35-9 at 4-6. However, the warrant application

20

does not "rely" on the November 2022 firearm incident, but instead mentions "an incident possibly

21

involving" Defendant "and a firearm in November[] 2022" after noting that Defendant was on

22

federal supervised release for possession of a firearm, had numerous prior felony convictions, and

23

arrived on March 7, 2023 after "several positive drug tests … [and] missed treatment appointments

24

…." ECF No. 35-9 at 5-6. The application does not misstate the circumstances of the November

25

2022 event—noting only the possibility of Defendant's involvement, does not state Defendant

26

engaged in any criminal acts, and is clear there was no arrest, criminal charge or conviction based

27

on the event. A review of the entire warrant application demonstrates the affiant did not depend on

28

this event as the sole or even primary basis for seeking the warrant. *Id.*, *generally*. Moreover,

nothing about the description of the November 2022 event is presented as "substantiated" and, thus, Defendant's argument that the allegations are unsubstantiated fails to support a substantial preliminary showing that the LVMPD affiant omitted or offered misleading material information.

If the judge who issued the warrant wanted to know more about Defendant's "possible" involvement in the November 2022 event, she had sufficient information on which to base questions. *Ruiz*, 758 F.3d at 1149. Further, even if the Court were to conclude the representations regarding the November 2022 event were misleading and therefore purged this information from what LVMPD asserted in the warrant application, there would still be sufficient information justifying the issuance of the warrant. The warrant offered Defendant's criminal history, positive and missed drug tests, missed drug treatment, and discovery of possible methamphetamine, the digital scale, plastic bags, and a firearm located by Probation upon its lawfully performed search based on reasonable suspicion. The same result is reached if, as Defendant argues, additional information—"that no threats were made with … [a firearm]"—had been included in the LVMPD affidavit. ECF No. 35 at 19. The additional information would not have corrected a misleading statement as the affidavit says nothing about any threat being made by Defendant or anyone else. ECF No. 35-9 at 7.

Defendant fails to establish that any omission or misleading information were material to the state court judge's determination. The judge had specific information regarding Defendant's prior felony convictions, missed drug tests, and missed drug treatment none of which Defendant contests. ECF No. 35 at 19-20. This uncontested information together with the gun and drug paraphernalia found by Probation was sufficient to establish probable cause justifying the warrant. *See United States v. Nichols*, 786 Fed.Appx. 624, 627 (9th Cir. 2019); *United States v. Heavilin*, 60 F.3d 835, at *2 (9th Cir.) *cert. denied* 516 U.S. 968 (1995).

## III.    Recommendation

Accordingly, and based on the foregoing discussion, IT IS HEREBY RECOMMENDED that Defendant's Motion to Suppress (ECF No. 35) be DENIED.

Dated this 12th day of January, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).