UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>ANTHONY VALENZUELA,<br><br>Defendant(s). | Case No.2:23-CR-86  JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Anthony Valenzuela's motion to suppress and request for an evidentiary hearing. (ECF No. 35). The government filed a response (ECF No. 40), to which the defendant replied. (ECF No. 48).

Also before the court is Magistrate Judge Youchah's report and recommendation ("R&R") denying the motion to suppress. (ECF No. 49). Defendant objected (ECF No. 56), to which the government responded. (ECF No. 59).

For the reasons set forth below, the court affirms Judge Youchah's R&R and denies the defendant's motion to suppress.

**I.    Background**

The defendant is charged with possession with intent to distribute a controlled substance and being a felon in possession of a firearm. (ECF No. 1). He moves to suppress "all" evidence seized from the alleged crimes and for an evidentiary hearing. (ECF No. 35). The following facts are not disputed by the parties.

The defendant was sentenced to incarceration followed by three years of supervised release on a previous conviction for felon in possession. (ECF No. 35-2). He began his term of supervision in 2021. (ECF No. 35, at 3). As a condition of the defendant's supervision, a probation

1 officer can conduct a warrantless search of the defendant's home, vehicle, etc., based upon
2 reasonable suspicion of contraband or evidence of a probation violation. (ECF No. 35-2, at 5).

3 On March 7, 2023, the defendant presumptively tested positive for THC and
4 methamphetamine at the probation office. (ECF No. 35-3, at 2). The defendant's supervising
5 probation officer invoked the warrantless search condition and, along with other United States
6 Probation officers, searched the vehicle that the defendant drove to the probation office. (ECF No.
7 35-3, at 2). The officers allegedly found controlled substances, a handgun, a digital scale, a
8 smartphone, plastic bags, and mail addressed to the defendant in the vehicle. (*Id.* at 3). A search
9 warrant to seize the items was issued based upon an application by a detective for the Las Vegas
10 Metropolitan Police Department. (ECF No. 35-9).

11 Prior to the March 7 search, the supervising probation officer was aware of the defendant's
12 criminal history (which included many drug-related offenses),[1] that he had failed multiple drug
13 tests,[2] failed to present himself for drug testing on several occasions,[3] missed drug treatment
14 appointments,[4] was possibly involved in an incident involving a firearm,[5] and was being
15 investigated for possibly distributing illegal controlled substances.[6] The defendant argues that the
16 vehicle search was conducted without reasonable suspicion, and therefore the evidence resulting
17 from that search must be suppressed.

18 **II.  Legal Standard**

19 A party may file specific written objections to the findings and recommendations of a
20 United States magistrate judge made under Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB

---

[1] Gov. Ex. 1, ECF No. 42.

[2] The defendant admits this. (ECF No. 35, at 14).

[3] The defendant admits this. (*Id.*).

[4] Def. Ex. D, ECF No. 35-5 at 7.

[5] The LVMPD detective who prepared the affidavit in support of his search warrant stated that the defendant's supervising probation officer invoked the search clause due in part to "an incident possibly involving [the defendant] and a firearm in November 2022." (Def. Ex. H, ECF No. 35-9, at 7). This affidavit was prepared the day of the search and establishes the supervising probation officer's knowledge before the search.

[6] Gov. Ex. 3, ECF No. 40-3.

3-2. If a party timely objects to a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. A party making objections must support those objections with points and authorities. LR IB 3-2(a). Responses to objections must be filed and served fourteen (14) days after service of the objection. (*Id.*).

## III. Discussion

### A. Evidentiary Hearing

The defendant objects to Judge Youchah's finding that there is no contested issue of fact requiring an evidentiary hearing. (ECF No. 56, at 5–7). Specifically, the defendant claims that an evidentiary hearing is required to determine what the defendant's supervising probation officer knew at the time of the search. (*Id.* at 7). Judge Youchah found that no hearing on the motion to suppress is required under the circumstances presented, and upon a *de novo* review of the record, the court agrees. (ECF No. 49, at 4).

"An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist," *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000), or that "relief must be granted if the facts alleged are proved." *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because [he] wants one. Rather, the defendant must demonstrate that a *significant* disputed factual issue exists such that a hearing is required." *Howell*, 231 F.3d at 621 (quoting *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)) (emphasis added).

The gravamen of the defendant's objection, and argument in favor of an evidentiary hearing, is that the documents prepared by the UPSO justifying the March 7 search are inconsistent. (ECF No. 56, at 5). The "Report on Search of Offender"—which no party disputes

was created on March 7—summarizes the search but does not articulate reasonable suspicion. (ECF No. 35-3). The document that *does* lay out the USPO's reasons for finding reasonable suspicion, "Request for Search of Offender," has a signature date of May 23, 2023. (ECF No. 35-6). But the USPO claims this document was *prepared* before the March 7 search and outlines the facts supporting reasonable suspicion. The defendant argues that this creates a dispute of fact necessitating an evidentiary hearing. (ECF No. 56, at 5).

The defendant fails to support his request for an evidentiary hearing with sufficient definiteness, clarity, and specificity to allow the court to conclude that a significant contested factual issue actually exists. Even if the court found, after an evidentiary hearing, that the "Request for Search of Offender" was prepared after the March 7 search, the defendant would not be entitled to relief.

The supervising probation officer's personal knowledge at the time of the search of—the defendant's criminal history, prior failed drug tests, prior missed drug tests, investigation for distribution of controlled substances, possible involvement in an incident involving a firearm, and missed drug treatment are undisputed facts that support the magistrate's finding that reasonable suspicion existed at the time of the search.[7] The fact that the document outlining this was signed after the search is irrelevant. The defendant has not provided the court with any legal authority (and the court is aware of none) to support the premise upon which his argument is based, which is that—for reasonable suspicion to exist—the supervising probation officer is required to document, before conducting the search, his reasons for finding reasonable suspicion.[8]

The defendant also appears to argue that an evidentiary hearing is necessary to determine what the supervising probation officer knew at the time of the search because all the documents are "silent on the role his 'training, expertise, and commonsense' played" in his determination that reasonable suspicion existed. (ECF No. 56, at 7). The defendant cites *Unites States v. Milner*, 962 F.2d 908, 913 (9th Cir. 1992), to support his argument. (*Id.*). But this case is inapplicable as it is

---

[7] *See supra* Section B.

[8] Under *United States v. Montero–Camargo*, the officer need only be "aware" of the facts that lead to a finding of reasonable suspicion. 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

based on probable cause, not reasonable suspicion, and holds only that an officer "may," use their "experience, special training, and expertise." *Milner*, 962 F.2d 913.  It is not a requirement.  The court denies the defendant's request for an evidentiary hearing.

### B.  Motion to Suppress

The defendant moves to suppress all evidence seized against him.  (ECF No. 35).  Judge Youchah found in her R&R that reasonable suspicion existed because there is no dispute of fact that the supervising officer knew that the defendant had failed to appear for multiple drug tests, had tested positive for drugs on multiple occasions, had failed to participate in drug treatment as required, had been informed that the defendant was possibly involved in an incident involving a firearm, and had presumptively tested positive for drugs on March 7.  (ECF No. 49, at 8).  The court agrees with Judge Youchah.

The exclusionary rule and the "fruit of the poisonous tree" doctrine require courts to suppress evidence obtained as a "direct result of an illegal search or seizure, as well as evidence later discovered and found to be derivative of an illegality." *United States v. Ngumezi*, 980 F.3d 1285, 1290 (9th Cir. 2020) (citations omitted); *Lingo v. City of Salem*, 832 F.3d 953, 957 (9th Cir. 2016).  "These rules are not constitutionally required, but instead are judicially created means of deterring illegal searches and seizures." *Lingo*, 832 F.3d, at 957.

Reasonable suspicion exists when "an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for a particularized suspicion." *United States v. Montero–Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The court must consider the totality of the circumstances and the probability, not the certainty, of criminal conduct in its reasonable suspicion analysis.  *United States v. Cortez*, 449 U.S. 411, 417 (1981); *United States v. Sokolow*, 490 U.S. 1, 8–10 (1989) (reasonable suspicion depends on the "totality of the circumstances—the whole picture").  A defendant's "missed [drug] test[s], at the very least, support[] reasonable suspicion that...[defendant] possessed contraband and had violated his release conditions." *United States v. McReynolds*, Case Nos. 21-30205, 21-30206, 21-30207, 2022 WL 17547824, at *2 (9th Cir. 2022).  Additionally, a defendant's criminal background can strengthen the reasonable suspicion analysis.  *United States v. Rowland*, 464 F.3d 899, 908 (9th

1    Cir. 2006).

2          The defendant objects to Judge Youchah's finding that reasonable suspicion existed for the
3    defendant's probation officer to search the vehicle on two grounds. (ECF No. 56, at 3-8). The
4    defendant first argues that his supervising probation officer relied solely on the defendant's
5    presumptively positive drug test from the day of the search for the reasonable suspicion
6    determination, which is insufficient. (*Id.* at 3). But this claim is wholly unsupported by the record
7    before the court.

8          As the court already iterated above, and Judge Youchah correctly found, "there is no sound
9    argument undermining the conclusion" that the probation officers invoked the search clause
10   knowing the defendant missed drug tests, failed drug tests, failed to participate in drug treatment,
11   has a criminal history including drug and gun offenses, was being investigated for possible
12   involvement in distributing drugs, and had possibly been involved in an altercation involving a
13   firearm. (ECF No. 49, at 5). The court agrees that "[t]aken as a whole, [these facts] readily support
14   reasonable suspicion to search the vehicle." (*Id.* at 6).

15         Defendant next argues there was not a sufficient nexus between the area searched and the
16   suspected unlawful conduct because the defendant did not own the vehicle searched. (ECF No.
17   56, at 8). Judge Youchah correctly found that sufficient nexus existed because a law enforcement
18   officer may infer—through his or her experience, special training, and expertise—probable cause
19   to believe criminal objects are in a particular place to which they have been tied, not by direct
20   evidence, but by the type of crime, nature of the items, and normal inferences where a criminal
21   would likely hide contraband. *U.S. v. Foster*, 711 F.2d 871, 878 (9th Cir. 1983); *United States v.*
22   *Milner*, 962 F.2d 908, 913 (9th Cir. 1992); *United States v. Spearman*, 532 F.2d 132, 133 (9th Cir.
23   1976). The reasonable suspicion requirement is less demanding than probable cause. *Rowland*,
24   464 F.3d, at 907.

25         Although the defendant did not own the vehicle, he does not dispute that he arrived in—
26   and was in control of—the vehicle at the time of the search. (ECF No. 40-5, at 2). *Spearman* did
27   not imply a requirement that the vehicle searched belong to the defendant. Because the defendant
28   was in control of the vehicle on the day he was searched, and because he had presumptively tested

positive for drugs (in addition to all of his actions prior to that day, which the court has recounted *ad nauseum*), a "normal inference" could be made that contraband would likely be in that vehicle. Therefore, the court finds sufficient nexus to search the vehicle.

The defendant does not object to Judge Youchah's denial of a *Franks* hearing. (*See generally* ECF No. 56). As such, the court is not obligated to conduct a de novo review of this issue and affirms Judge Youchah's recommendation. 28 U.S.C. § 636(b)(1) (requiring courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Youchah's R&R (ECF No. 49) be, and the same hereby is, AFFIRMED.

IT IS FURTHER ORDERED that defendant Anthony Valenzuela's motion to suppress and request for an evidentiary hearing (ECF No. 35) be DENIED.

DATED June 7, 2024.

_____
UNITED STATES DISTRICT JUDGE